IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ADMIRAL VALVE, LLC, §
D/B/A CPV MANUFACTURING, §
 §
    Plaintiff, §
 §
VS. § NO. 4:18-CV-347-A
 §
WESTERN VALVE, INC., §
 §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Western Valve, Inc., and Western Sales & Testing of Amarillo Inc., to transfer venue. The court, having considered the motion, the response of plaintiff, Admiral Valve, LLC, the record, and applicable authorities, finds that the motion should be denied.

I.

### Plaintiff's Claims

On May 8, 2018, plaintiff filed its original complaint, Doc.[1] 1, and, on June 12, 2018, its amended complaint in this action. Doc. 11. Plaintiff sues defendants under the Lanham Act, 15 U.S.C. §§ 1051-1141n, and Texas law for trademark infringement and unfair competition. Plaintiff says that defendants have manufactured, marketed, packaged and sold valves and fittings marked with plaintiff's trademark and tradename.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

II.

## Ground of the Motion

Defendants say that venue is inconvenient for them in this district and urge that the action should be transferred to the Amarillo Division of this court pursuant to 28 U.S.C. § 1404(a).

III.

## Applicable Legal Principles

The pertinent statute provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Whether a motion to transfer venue should be granted lies within the court's sound discretion. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).

The court considers both public and private factors in determining whether a transfer should be ordered. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors are: (1) the administrative difficulties flowing from

2

court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. Id.

The burden rests on the moving party to show that the initial choice of forum should be disturbed. TIG Ins. Co. v. NAFCO Ins. Co., Ltd., 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001). The moving party must make a particularized showing why transfer is necessary and the court may not transfer a case where the result is merely to shift the inconvenience of venue from one party to the other. Id.; Sanders v. State St. Bank & Tr. Co., 813 F. Supp. 529, 535 (S.D. Tex. 1993).

IV.

Analysis

Having considered each of the factors pertinent to an assessment of a request to transfer venue, the court is not persuaded that the motion should be granted. As plaintiff notes, defendants' declarations fall far short of establishing that going to trial here will be unduly burdensome. The declaration of defendants' president only addresses sources of proof and then only "to the best of [his] knowledge." Doc. 16, ¶¶ 8, 11. The other private factors are left to speculation, but there is no

reason to believe that Amarillo would be a better venue for witnesses from Houston (where the alleged infringing products were sold) or Pennsylvania (where plaintiff has its principal place of business) than would Fort Worth. As a practical matter, Fort Worth is a more central location and easily accessible from more than one airport. As for the public interest factors, the declaration of defendants' counsel highlights that there really are not significant cost savings to be achieved by venue in Amarillo. Court congestion, familiarity with the law, and avoidance of unnecessary problems of conflict of laws are not factors in this case.

One of the cases defendants cite in support of their motion aptly describes the folly of maintaining that transfer is appropriate here. Doc. 15 at 2. In <u>Bevil v. Smit Americas, Inc.</u>, the court quoted the Fifth Circuit regarding inconvenience:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the continental United States. The minor inconvenience [movant] may suffer in having to litigate this case in Tyler--only 203 miles distant--rather than in Houston, can in no rational way support the notion of abuse of discretion.

883 F. Supp. 168, 170-71 (S.D. Tex. 1995)(quoting <u>Jarvis Christian College v. Exxon Corp.</u>, 845 F.2d 523, 528 (5th Cir. 1988)). Substitute Fort Worth and Amarillo for Tyler and Houston and a distance of 339 miles and the result is the same.

4

V.

<u>Order</u>

The court ORDERS that defendants' motion to transfer venue be, and is hereby, denied.

SIGNED July 19, 2018.

                                                                                                                               JOHN McBRYDE
                                                                                                                             United States District Judge